UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RONALD GATTER, | Case No. 2:14-cv-01404-RFB-PAL |
| Plaintiff, | ORDER |
| v. | |
| RICHARLAND HOLDINGS, INC., and RANDALL CORPORATION, | |
| Defendants. | |

## I.   INTRODUCTION

This case arises from Defendants' alleged actions in collecting upon Plaintiff's consumer debt in violation of the Fair Debt Collection Practices Act (FDCPA). Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 39, Defendant Randall Corporation's Motion for Summary Judgment, ECF No. 16, and Defendant Richland Holding's Motion for Summary Judgment, ECF No. 17. For the reasons stated below, the Court DENIES Plaintiff's Motion, and GRANTS in part and DENIES in part Defendants' Motions for Summary Judgment.

## II.   BACKGROUND

Plaintiff filed his Complaint on August 28, 2014. ECF No. 1.

Defendants filed a Motion to Dismiss on October 10, 2014. ECF No. 7. The Court denied this Motion on September 11, 2015. ECF No. 38.

The Court entered a Scheduling Order on December 1, 2014. ECF No. 11. Discovery was due by May 25, 2015. Motions were due by June 25, 2015.

Defendant Randall Corporation (doing business as Bowen Law Offices) filed a Motion for Summary Judgment on June 25, 2015. ECF No. 16.

Defendant Richland Holdings, Inc. filed a Motion for Summary Judgment on June 25, 2015. ECF No. 17.

Plaintiff filed a Motion for Summary Judgment on September 25, 2015. ECF No. 39.

### III.    LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted).

### IV.    UNDISPUTED/DISPUTED FACTS

#### A.  Undisputed Facts

The Plaintiff Ronald Gatter entered into a valid and binding contract with RC Willey Home Furnishings, Inc. on November 10, 2001 for procurement of retail merchandise. The contract with RC Willey included an 18-21% annual percentage interest rate and a 24% interest rate in the event of non-payment or default. ECF No. 18, Ex. 3 ("Federal Truth-in-Lending Disclosures Statement for R.C. Willey Revolving Charger Accounts").

Plaintiff incurred charges relating to the contract. Plaintiff became delinquent on this account on or about September 15, 2011 by failing to maintain his account through regular payments, under the terms of the contract. Plaintiff owed RC Willey an outstanding balance of

$1,314.16, which Plaintiff did not pay. On or about February 16, 2012, RC Willey assigned Mr. Garter's account to Richland Holdings, Inc. ("Richland") for collection.

Richland retained counsel, Bowen Law Offices (Randall Corporation), to represent it in the legal matter against Plaintiff for collection of the outstanding debt.

Bowen has had a continuous business relationship with Richland Holdings for at least four years, representing Richland in collecting consumer debts. From 2011-2014, Bowen filed at least 200 debt collection cases for Richland.

### B.  Disputed Facts

The parties dispute whether Defendants sent Plaintiff disclosure letters required under Section 1692g. The parties also dispute whether Defendants provided a "mini-Miranda" warning to Mr. Gatter when orally communicating with Mr. Gatter in an attempt to collect the Debt in violation of the Section 1692e.

## V.     BOWEN IS A DEBT COLLECTOR

### A.  Legal Standard

"The Fair Debt Collection Practices Act prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices." Heintz v. Jenkins, 514 U.S. 291, 292 (1995). "The FDCPA defines the phrase 'debt collector' to include: (1) 'any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts,' and (2) any person 'who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.' 15 U.S.C. § 1692a(6)." Schlegel v. Wells Fargo Bank, NA, 720 F.3d 1204, 1208 (9th Cir. 2013).

The Supreme Court has held that the Fair Debt Collection Practices Act applies to lawyers regularly engaged in consumer debt-collection litigation on behalf of creditor client. 15 U.S.C.A. § 1692a(6). See Heintz, 514 U.S. at 294 ("The Act does apply to lawyers engaged in litigation.").

The Ninth Circuit summarizes Heintz as follows: "In Heintz, Darlene Jenkins defaulted on a loan from a bank. A lawyer from the bank's law firm, George Heintz, wrote a letter to Jenkins's lawyer listing an amount that Jenkins purportedly owed. Jenkins sued Heintz under §§ 1692e(2) and 1692f. Heintz contested the applicability of the FDCPA to his debt-collection efforts because he was a lawyer engaged in litigation. The Supreme Court held that the FDCPA 'applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation.' The Supreme Court reasoned that 'the plain language of the [FDCPA] itself says nothing about' an 'exemption [for lawyers] in respect to litigation.' Nor did it make sense to differentiate between lawyers acting in the capacity of debt collectors and those litigating: 'The line ... between 'legal' activities and 'debt collection' activities was not necessarily apparent to those who debated the legislation, for litigating, at first blush, seems simply one way of collecting a debt.'" Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1032 (9th Cir. 2010) (internal citations omitted).

Since Heintz, the Supreme Court also clarified that "[w]e held in that case (Heintz) that the FDCPA's definition of 'debt collector' includes lawyers who regularly, through litigation, attempt to collect consumer debts. We addressed a concern raised by the petitioner (as here, a lawyer collecting a debt on behalf of a client) that our reading would automatically render liable any litigating lawyer who brought, and then lost, a claim against a debtor, on the ground that § 1692e(5) prohibits a debt collector from making any threat to take action that cannot legally be taken. We expressed skepticism that § 1692e(5) itself demanded such a result. But even assuming the correctness of petitioner's reading of § 1692e(5), we suggested that the availability of the bona fide error defense meant that the prospect of liability for litigating lawyers was not so absurd as to warrant implying a categorical exemption unsupported by the statutory text." Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 593-94 (2010) (internal citations and quotations omitted).

**B. Analysis**

While Bowen admits that it provided legal services to Defendant Richland and pursued legal remedies on behalf of Richland, Bowen argues that its principal purpose is not the collection

1  of consumer debt. Bowen further argues that it does not regularly collect consumer debt. The
2  Court disagrees and the record refutes this contention. The only evidence Bowen has submitted in
3  support of this argument is a declaration by Mr. Bowen. Reply, Ex. A. Specifically, Bowen claims
4  that "[t]he amount of work done for, and the amount of income obtained from, Richland amounts
5  to only a minimum portion (less than five percent) of Randall's business." Id. On the other hand,
6  Plaintiff has provided evidence of hundreds of debt collection cases Defendant filed and pursued
7  in the past five years. Opp'n, Ex. 1. Therefore, the Court finds that the record reflects that Bowen
8  does regularly collect consumer debt.

9  While the amount of money obtained through debt collection may be minimal, the Court
10 is unaware of any precedent that requires that debt collection constitute a certain percentage of a
11 collector's revenue. Rather, the standard is whether an entity regularly collects consumer debt. 15
12 U.S.C. § 1692a(6); See Schlegel v. Wells Fargo Bank, NA, 720 F.3d 1204, 1208 (9th Cir. 2013).
13 Here there is little doubt that Bowen regularly collects consumer debt regardless of the amount of
14 revenue generated.

15 Defendant also cites to an unpublished decision by the Ninth Circuit in support of its
16 contention that it is not a debt collector. Gowing v. Royal Bank of Canada, 100 F.3d 962 (9th Cir.
17 1996). Gowing found that "[b]ecause Royal Bank was collecting a debt on its own behalf, it was
18 not a debt collector for the purposes of the FDCPA, even though in this instance it was an assignee
19 of the original creditor." Id. It also found that "Royal Bank's attorneys are not debt collectors, as
20 Gowing alleges, because they are not regularly engaged in the practice of debt collection." Id.

21 However, the Court finds that Gowing is distinguishable. Bowen was retained by Richland
22 to collect the debt owed to Richland, as it argues in its own brief. Therefore, Bowen was not
23 collecting a debt on its own behalf. Further, Bowen was not Richland's employee ("Royal Bank's
24 attorneys are not debt collectors") as appears to have been the case in Gowing. 100 F.3d 962.

25 Therefore the Court finds that Bowen is a debt collector under the FDCPA.

26 Because the Plaintiff's Motion for Summary Judgment (ECF No. 39) merely asks the Court
27 to find that, as a matter of law, Bowen is a debt collectors under the FDCPA, the Court GRANTS
28 Plaintiff's Motion. ECF No. 39.

## VI. FDCPA VIOLATIONS

Finding that Bowen is a debt collector liable under the FDCPA, the Court next considers whether the Defendants' practices violated the FDCPA.

### A. Inflated interest rates

The FDCPA prohibits collecting "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

Plaintiff alleges that the Defendants sought to collect his debt at artificially inflated interest rates, in violation of 15 U.S.C. § 1692f. In support of this allegation, Plaintiff asks the Court to consider a TILA disclosure reflecting an APR of 21% but default rate of 24%. See ECF No. 18, Ex. 3; Opp'n, Ex. 3. Plaintiff questions the "validity" of the document, as the interest rates appear in a much larger font size and different style than the remainder of the document. Plaintiff also argues that Mr. Gatter recalls agreeing to a fixed 21% interest rate and does not recall agreeing to a 24% interest rate.

The Court rejects these arguments. The Court finds that the interest rate was and remained 21%, and that the 24% interest rate applied only upon non-payment or upon default, as indicated in the Credit Application and Security Agreement with RC Willey. ECF No. 18, Ex. 3. Therefore, the evidence does not reflect Plaintiff's contention that the Defendants attempted to increase the interest rate after Plaintiff agreed to a 21% interest rate. While Mr. Gatter correctly recalls agreeing to a 21% interest rate, the 24% interest rate applied in this case only because he was in default. Additionally, to the extent Plaintiff challenges the validity or authenticity of the document merely because the large font size the Court is not persuaded; if anything, the depiction of the interest rates in large font indicates that RC Willey intended for the interest rates to be highly visible.

Finding that no material fact remains as to this particular FDCPA claim, the Court GRANTS Defendants summary judgment as to 15 U.S.C. § 1692f regarding inflated interest rates.

### B. Service of process

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f. Plaintiff alleges in Mr. Gatter's affidavit that defendants illegally

1 obtained service of process on Mr. Gatter and included erroneous fees and costs in the default
2 judgment and writs of garnishment issued thereafter. Aside from this conclusory statement,
3 Plaintiff offers no evidence in support of this claim.

4 Upon review of the record the Court finds that Defendant Bowen attempted to serve the
5 Plaintiff at his home on multiple occasions in September and October 2013. The Defendant left
6 red tags requesting the Plaintiff contact the process server. The Plaintiff neither answered the door
7 nor responded to the red door tags. Defendant Bowen also searched the Clark County Assessor's
8 Office, Clark County voter's registration, the local telephone directory, utility companies, and the
9 Nevada DMV for additional information on the Plaintiff to no avail. ECF No. 19, Ex. 2, Aff. of
10 Due Diligence.

11 Perhaps recognizing the lack of evidence for this claim, Plaintiff requests a denial of
12 Defendants' motions on this claim under Fed. R. Civ. Pr. 56(d). FRCP 56(d) provides that "[i]f a
13 nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts
14 essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2)
15 allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other
16 appropriate order." However, "this rule requires discovery only where the non-moving party has
17 not had the opportunity to discover information that is essential to its opposition." Roberts v.
18 McAfee, Inc., 660 F.3d 1156, 1169 (9th Cir. 2011) (internal quotations omitted). In this case,
19 Magistrate Judge Leen found that Plaintiff had an opportunity to obtain discovery but declined to
20 do so until the eleventh hour. Therefore, Judge Leen restricted discovery to Plaintiff's Motion to
21 Compel (ECF No. 21). The Court declines to reverse Judge Leen's order by reopening discovery
22 in light of Plaintiff's lack of diligence.

23 Finding that no issue of material fact remains as to the service of process on Mr. Gatter,
24 the Court GRANTS Defendants summary judgment as to the 15 U.S.C. § 1692f claim regarding
25 service of process.

26 **C. Failure to provide written disclosures**

27 Section 1692g provides that "within five days after the initial communication with a
28 consumer ... a debt collector shall send the consumer a written notice containing [a list of

1  disclosures and notifications]." 15 U.S.C. § 1692g. This validation notice also must acknowledge
2  that the consumer has thirty days in which to dispute the debt. Id. If the consumer disputes the
3  debt, collection activity must cease until verification of the disputed information is mailed to the
4  consumer. 15 U.S.C. § 1692g(b).

5  Plaintiff argues that Richland engaged in 1692g violations by failing to provide Mr. Gatter
6  with a written notification as required under Section 1692g, as evidenced by the lack of any
7  documentation to this effect. Therefore, Plaintiff argues that the failure to produce a copy of the
8  notice presents a question of material fact as to whether such a document exists and if it was ever
9  actually provided to Mr. Gatter as required. While Defendant has produced "sample" copies of
10 such letters, it has failed to produce the actual letters sent, stating that it does not retain hard copies
11 of such letters.

12 The Court thus finds that there remains a material fact in dispute as to the written
13 notification requirement under 1692g and whether or not it was properly provided.  The Court
14 therefore DENIES Defendants summary judgment on this claim.

15 ### D.  No "Mini-Miranda" warning

16 The FDCPA requires what is known as a "Mini-Miranda" warning to be given in the first
17 collection communication with the consumer debtor. 15 U.S.C. § 1692e(11).

18 Plaintiff states in his Affidavit that "I did not receive a 'mini-Miranda' warning from
19 Richland before communicating with me or anyone on my behalf." Opp'n, Ex. 2, ¶ 9. Defendants
20 argue, however, that it first communicated with Plaintiff in writing, and that the subsequent oral
21 communication was initiated by Plaintiff, who called Defendant Richland authorizing his wife to
22 discuss the debt and attempting to negotiate the debt. ECF No. 18, Exs. 1 and 2.

23 Because the Defendants have failed to produce the initial written communications
24 preceding the phone call, the Court finds that there remains a material fact in dispute as to the oral
25 notification requirement under 1692e and DENIES Defendants summary judgment on this claim.
26 / / /
27 / / /
28 / / /

## VII. CONCLUSION

For the reasons stated above,

The Court GRANTS Plaintiff's Motion for Partial Summary Judgment. ECF No. 39.

The Court GRANTS in part and DENIES in part Defendants' Motions for Summary Judgment (ECF Nos. 16 and 17):

- The Court GRANTS Defendants summary judgment as to 15 U.S.C. § 1692f regarding inflated interest rates;
- The Court GRANTS Defendants summary judgment as to the 15 U.S.C. § 1692f claim regarding service of process;
- The Court DENIES Defendants summary judgment as to the written notification requirement under 1692g;
- The Court DENIES Defendants summary judgment as to the oral notification requirement under 1692e.

DATED April 6, 2016.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**